UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARRY VERN FOX,

    Plaintiff,

    v.

JOE LEHMAN,

    Defendant.

Case No. C05-5562FDB

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT; DENYING COUNSEL AND STRIKING PLAINTIFF'S MOTION TO CERTIFY A CLASS AND CONSOLIDATE

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The plaintiff has been granted leave to proceed *in forma pauperis*. Plaintiff provided service documents and the court ordered service. (Dkt. # 6). The attempt at service was not successful. (Dkt. # 7).

    Rather than take steps to cure the service issue in this case, plaintiff filed a motion to consolidate this action and certify a class. (Dkt. # 8). This motion brought the file to the courts attention. Plaintiff's motion has also brought to this courts attention other similar cases. In one such case <u>Sheaffer v. Lehman</u>, CV 06-5001RBL, Magistrate Judge Arnold ordered the plaintiff to amend his complaint as it was clear the plaintiff had not stated a claim upon which relief could be granted. Judge Arnold reasoned:

ORDER - 1

It does not appear plaintiff has alleged a constitutional harm. Plaintiff alleges he was "unlawfully detained past his Earned Early Release Date." A prison inmate has no constitutional right to release before expiration of his or her sentence. Greenholtz v. Inmates of Nebraska, 442 U.S. 1 (1979). Washington State appellate courts recognized an independent state created interest in amassing early release credits. In Re Galvez, 79 Wn. App 655 (1995). The Washington State Court of Appeals, Division 1, found there to be a "limited liberty interest" in earned early release credit which requires minimal due process. In re Crowder, 97 Wn. App. 598 (1999). In Dutcher the same appellate court emphasized it was proceeding under RAP 16.4, which did not require a finding of a constitutional violation but rather only a finding of unlawful restraint under state law. Dutcher, supra at p. 758 (fn. 3 and 4, citing In re Cashaw, 123 Wn. 2d 138 (1994)).

The plaintiff in Cashaw filed a personal restraint petition (PRP) which challenged the actions of the Indeterminate Sentence Review Board in setting his minimum prison term to coincide with the remainder of his court-imposed maximum sentence. The Court of Appeals granted the "PRP after concluding the Board's failure to follow its own procedural rules violated Cashaw's due process rights." Cashaw, supra, at p. 140. While the Washington Supreme Court affirmed the grant of the PRP, it did so on the ground that "an inmate may be entitled to relief solely upon showing the Board set a minimum term in violation of a statute or regulation." Cashaw at p. 140. The Washington Supreme Court disagreed, however, with the Court of Appeals and found "that no due process liberty interest was created here, for the Board's regulations imposed only procedural, not substantive, requirements." Cashaw at p. 140. The state court affirmed the notion that "procedural laws do not create liberty interests; only substantive laws can create these interests." Cashaw, supra at p. 145. The Washington State Supreme Court in Cashaw was careful to grant relief only on state grounds. Indeed, the State Supreme Court in Cashaw analyzed what is needed to find a state created liberty interest and found no due process violation in that case. The court stated:

> Liberty interests may arise from either of two sources, the due process clause and state laws. Hewitt v. Helms, 459 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed.2d 675 (1983); Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir.1986), cert. denied, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987). The due process clause of the federal constitution does not, of its own force, create a liberty interest under the facts of this case for it is well settled that an inmate does not have a liberty interest in being released prior to serving the full maximum sentence. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979); Ayers, 105 Wash.2d at 164-66, 713 P.2d 88; Powell, 117 Wash.2d at 202-03, 814 P.2d 635.
>
> However, as indicated above, state statutes or regulations can create due process liberty interests where none would have otherwise existed. See Hewitt, 459 U.S. at 469, 103 S.Ct. at 870; Toussaint, 801 F.2d at 1089; Powell, 117 Wash.2d at 202-03, 814 P.2d 635. By enacting a law that places substantive limits on official decision making, the State can create an expectation that the law will be followed, and this expectation can rise to the level of a protected liberty interest. See Toussaint, 801 F.2d at 1094.

ORDER - 2

> For a state law to create a liberty interest, it must contain "substantive predicates" to the exercise of discretion and "specific directives to the decision maker that if the regulations' substantive predicates are present, a particular outcome must follow". <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 463, 109 S.Ct. 1904, 1910, 104 L.Ed.2d 506 (1989); <u>Swenson v. Trickey</u>, 995 F.2d 132, 134 (8th Cir.), cert. denied, 510 U.S. 999, 114 S.Ct. 568, 126 L.Ed.2d 468 (1993). Thus, laws that dictate particular decisions given particular facts can create liberty interests, but laws granting a significant degree of discretion cannot.

<u>In Re Cashaw</u>, 123 Wn 2d at 144 (emphasis added).

> The Department of Corrections has been mandated by statute to implement a system that allows for the possibility of early release. For some inmates their release is automatic when they reach their earned early release date because they have no supervision following incarceration. Inmates who were sentenced to community placement or community custody, cannot earn this reduction in sentence. Instead, they earn a possibility of being placed on community placement or community custody at the discretion of the Department of Corrections. Their release is not automatic.
>
> In <u>Dutcher</u>, the Court of Appeals proceeded pursuant to RAP 16.4 (Personal Restraint Petition Grounds for Remedy). The court used a standard of review which did not require the finding of a constitutional violation. The ruling in <u>Dutcher</u> that the department must follow the state statutory system and consider plans on the merits does not equate to a finding of a state created liberty interest in release and the holding in <u>Dutcher</u> did not eliminate the departments' discretion.
>
> In 1995 the United States Supreme Court examined the methodology used to determine if state laws or regulations created liberty interests in a prison context and the Court adopted a new approach. <u>Sandin v. Conners</u>, 515 U.S. 472 (1995). The decision in <u>Sandin</u> was a reaction to the practice of combing state regulations for mandatory language to find liberty interests. The refusal to investigate a proposed plan does not lead to violation of a constitutionally protected right. There is no change in the incidents of normal prison life and the inmate is held until the expiration of his sentence.

(<u>Shaeffer v. Lehman</u>, CV 06-5001RBL, Dkt. # 4, pages 2 through 4).

Plaintiff is ordered to file an amended complaint curing if possible the defect by **February 24th, 2006.** If the amended complaint is not timely filed, or if plaintiff fails to adequately correct the deficiencies identified in this Order, the Court will recommend dismissal of this action a frivolous.

Plaintiff's motion for appointment of counsel is **DENIED.** There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986);

ORDER - 3

1  Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir.

2  1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of

3  success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the

4  complexity of the legal issues involved.  Wilborn, 789 F.2d at 1331.  The claim is adequately set

5  forth, the court questions likelihood of success given the analysis set forth above.

6       No motion for class certification will be considered until a viable complaint is before the

7  court.  The Clerk is directed to send a copy of this Order to plaintiff remove motion number 8 from

8  the courts calendar and to note the **February 24th, 2006** due date.

10       DATED this 3rd day of February, 2006.

15                                        Karen L. Strombom
16                                        United States Magistrate Judge

28  ORDER - 4