UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARRY VERN FOX,

    Plaintiff,

  v.

JOSEPH LEHMAN,

    Defendant.

Case No. C05-5562FDB

REPORT AND RECOMMENDATION

**NOTED FOR:
APRIL 14TH, 2006**

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff contends he had a liberty interest in release on his earned early release date and was entitled to due process prior to a decision not to release him. There exists multiple reasons to dismissal of this action.

    This action was commenced on August 23rd, 2005 by the filing of a motion to proceed in forma pauperis and proposed complaint. (Dkt. # 1). The Marshals service attempted service by mail but the attempt was not successful. (Dkt. # 22). It has been more than one hundred and twenty days after the action was commenced and no defendant has been served. Dismissal under Fed. R. Civ. P. 4 (m) is appropriate. In addition, on February 3rd, 2006 the court ordered plaintiff to amend the complaint and gave plaintiff until February 24th, 2006 to comply with that order. (Dkt. # 9). Plaintiff did not comply.

REPORT AND RECOMMENDATION 1

DISCUSSION

Normally a person has 120 days to serve the defendants. Fed. R. Civ. P. 4 (m) indicates that if service of a <u>summons and complaint</u> is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. <u>Townsel v. County of Contra Costa</u>, 820 F.2d 319, 320 (9th Cir.1987). This action was commenced August 23rd, 2005 but the court did not order service until November 1st, 2005. (Dkt. # 6). Even using the later date it has been more then 120 days.

The above analysis and a plain reading of the rule would appear to indicate that dismissal without prejudice is in order, but the standard of review is abuse of discretion which indicates the court has discretion in deciding if dismissal is proper. <u>Wei v. State of Hawaii</u>, 763 F.2d 370, 371 (9th Cir. 1985).

The 9th Circuit has indicated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. <u>United Food & Commercial Workers Union v. Alpha Beta Co.</u>, 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." <u>Borzeka v. Heckler</u>, 739 F.2d 444, 447 (9th Cir. 1984). There is nothing before the court to indicate defendant Lehman is aware of this action.

In addition plaintiff was ordered to file an amended complaint as it does not appear there is a liberty interest in release to community custody. Plaintiff has failed to respond to that order. (Dkt. # 9). Plaintiff was specifically warned that failure to respond or an inadequate response would result in a report and recommendation that this action be dismissed as frivolous. (Dkt. # 9).

The court now recommends this action be dismissed without prejudice as the only named defendant has not been served despite the United States Marshals attempting service by mail. A

REPORT AND RECOMMENDATION 2

proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 14th, 2006**, as noted in the caption.

DATED this 16th day of March, 2006.

*(signature)*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION 3